**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSLYVANIA**

| | | |
|---|---|---|
| JOSEPH CHIRIK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-04866 |
| TD BANKNORTH, N.A. | : | |

**<u>MEMORANDUM AND ORDER</u>**

**Joyner, J.**                                         **January 15, 2008**

Presently before the Court are Defendant TD BankNorth, N.A.'s ("TD BankNorth" or "Defendant") Motion for Judgment on the Pleadings (D. Memo.) (Doc. No. 9), Plaintiff Joseph Chirik's ("Chirik") Motion for Remand (Doc. No. 13), and Defendant's Reply ("D. Rep.") (Doc. No. 15) thereto. For the reasons below, the Court **GRANTS** Defendant's Motion, **DENIES** Plaintiff's Motion for Remand, and **DISMISSES** Plaintiff's Complaint.

**Background**

On July 8, 2005, Plaintiff went to Defendant's Hatboro Branch to open an Individual Retirement Account ("IRA"). He intended to deposit a pension distribution check issued by his former employer ("rollover" funds) into a tax-qualified IRA, which qualifies for beneficial tax treatment under the Internal

Revenue Code ("IRC"), in order to effect a tax-free rollover. <u>See</u> Compl. at ¶¶ 4, 6, 8. But Defendant allegedly established an ordinary savings account that did not qualify for any favorable tax treatment. <u>See</u> <u>id.</u> at ¶¶ 9, 10.  Plaintiff asserts that as a consequence of Defendant's alleged mistake he *will potentially* incur additional taxes, as well as interest charges and penalties. <u>See</u> <u>id.</u> at ¶ 11.  Notably, he has not incurred any additional tax liability (or any other damages) thus far.

To remedy this state of affairs, Plaintiff filed a five-count complaint against Defendant in the Court of Common Pleas of Bucks County, Pennsylvania.  In Count I, Plaintiff demands declaratory relief under Pennsylvania's Declaratory Judgment Act, 42 Pa.C.S.A. § 7531, to convert his savings account into a tax-qualified IRA, *nunc pro tunc*. <u>See</u> Compl. at ¶¶ 14-16. In Counts II through V, respectively, Plaintiff asserts state law claims for breach of fiduciary duty, breach of contract, rescission and negligence. <u>See</u> <u>id.</u> at ¶¶ 17-33.

Defendant timely removed this action and has moved for judgment on the pleadings.  Plaintiff responded by moving to remand this matter to state court.  Chirik argues that this Court lacks subject matter jurisdiction because he is seeking relief solely under state law and any federal issues that may arise do so only in the form of a defense. <u>See</u> P. Memo. at 3. Defendant

-2-

contends that jurisdiction is proper because Plaintiff's claims, albeit arising under state law, actually raise a federal question because they implicate a significant federal issue that is actually disputed and substantial. See D. Rep. at 2-3.[1] Defendant further argues that this Court must: (1) dismiss Plaintiff's declaratory judgment claim because the relief he seeks is barred by the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, Anti-Injunction Act, 26. U.S.C. § 7421(a), or is otherwise premature because he has not exhausted his administrative remedies; and (2) his remaining state law claims are not ripe.

### Discussion

*A. Does the Court have subject matter jurisdiction?*

A defendant is entitled to remove an action if a plaintiff could have brought it in federal district court originally. See 28 U.S.C. § 1441; Kline v. Security Guards, Inc., 386 F.3d 246, 249 (3d Cir. 2004).  Since neither party contends that diversity jurisdiction is present, the propriety of removal turns on whether plaintiff's claims fall "within the original 'federal question' jurisdiction of the federal courts." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 807 (1986) ("*Merrell Dow*"); 28 U.S.C. § 1331 (district courts have

---

[1]  Neither party contends that diversity jurisdiction is present.

jurisdiction over cases arising "under the Constitution, laws, or treaties of the United States").

Typically a court determines whether federal question jurisdiction exists by applying the "well-pleaded complaint rule". That is, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 309 (3d Cir. 1994).  And because a plaintiff is the master of her complaint, neither a federal defense nor counter-claim will create federal jurisdiction. See, e.g., Rice v. Panchal, 65 F.3d 637, 639 (7th Cir. 1995) (citation omitted).

Because Plaintiff didn't plead any federal causes of action, his Complaint does not facially present a federal question.  But despite not satisfying the well-pleaded complaint rule, his claims may nevertheless "arise under federal law."  For as the Supreme Court has long recognized, federal question jurisdiction also lies "over state-law claims that implicate significant federal issues." Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312 (2005) ("Grable") (citing Hopkins v. Walker, 244 U.S. 486, 490-91 (1917)); see also Merrell Dow, 478 U.S. at 808-09.[2] The question

---

[2]  Another exception to the well-pleaded complaint rule is the "complete preemption" doctrine.  Under this doctrine, removal is proper even if a plaintiff pleads only state law claims when they fall within a narrow class of cases so necessarily federal that federal law completely preempts and

-4-

here is whether this is one of those "less frequently encountered cases" in which federal question jurisdiction is proper despite the absence of any federal causes of action. <u>Grable</u>, 545 U.S. at 312.  Defendant argues that it is.  And the Court agrees.

To assess whether federal question jurisdiction is proper here requires the Court to apply the Supreme Court's recent *Grable* decision.  In *Grable*, the plaintiff ("Grable") brought a quiet title action in the state court against a company ("Darue") over real property that the latter had acquired from the Internal Revenue Service ("IRS").  The IRS had earlier seized the property in question to satisfy a tax deficiency owed by Grable. <u>See</u> <u>id.</u> at 310.  Grable argued that Darue's record title was invalid because the IRS had failed to notify it of the seizure in the exact manner required by 26 U.S.C. § 6335(a). <u>See</u> <u>id</u>  Grable insisted that this provision required personal service, rather than notification by certified mail (which is what the IRS did). <u>See</u> <u>id</u>.  In removing Grable's quiet title action to federal court, Darue contended that this ostensibly state law action presented a federal question because the claim of title depended on the meaning of a federal tax statute.  Grable argued that the

---

displaces the state law claims. <u>See</u> <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 206 (2004); <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63-64 (1987). Defendant has argued in the alternative that the Court has jurisdiction over Chirik's state law claims under the complete preemption doctrine. <u>See</u> D. Rep. at 6-10.  Because the Court concludes that federal question jurisdiction is proper under the *Grable* framework, it does not address this argument.

lack of a federal cause of action to enforce § 6335(a) foreclosed federal question jurisdiction. See Grable, 545 U.S. at 316-17 (citing Merrell Dow, 478 U.S. at 812).  This last proposition was subject to a circuit split and the Supreme Court granted *certiorari* to resolve whether *Merrell Dow* was properly understood as "always requir[ing] a federal cause of action as a condition for exercising federal-question jurisdiction." Grable, 545 U.S. at 311-12.[3]

Both *Merrell Dow* and *Grable* thus presented situations in which the Supreme Court had to assess whether removal was proper when plaintiffs were asserting only state law claims.  The Court clarified in *Grable* that *Merrell Dow* should only be read for the proposition that "the absence of a federal private right of action [is] evidence relevant to, but not dispositive of" whether a plaintiff's complaint sounding wholly in state law nevertheless

---

[3]   In *Merrell Dow*, the Court held that a state tort claim premised on a violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, *et seq.*, did not present a federal question "when Congress has determined that there should be no private, federal cause of action for [such a] violation." 478 U.S. at 817.  The parties agreed that Congress did not intend a private cause of action for violations of the FDCA, and without independently assessing the issue, the Court accepted that assumption as correct. See id. at 810-12.  But notwithstanding the lack of a federal cause of action, petitioner argued that federal question jurisdiction was proper because plaintiffs' (respondents) state law claims raised a "substantial, disputed question of federal law . . . ." Id. at 813 (citation omitted).  The Court rejected this argument by noting that the absence of a federal cause of action "is tantamount to a congressional conclusion that . . . a claimed violation of [a] federal statute . . . is insufficiently 'substantial' to confer federal-question jurisdiction." Id. at 814.  The Court also concluded that neither the presence of a "novel" question of federal law nor the general desirability for uniform interpretation of federal law were sufficient reasons for providing a federal forum. See id. at 816-17.

presents a federal question. Grable, 545 U.S. at 318.  In other
words, the absence of a private federal cause of action does not
automatically foreclose the propriety of federal question
jurisdiction.  But equally important, _Grable_ also outlined a two-
step approach for determining whether removal is proper when a
plaintiff's complaint contains only state law claims.
Cf. Pennsylvania v. Tap Pharmaceutical Products, Inc., 415 F.
Supp. 2d 516, 524-26 (E.D. Pa. 2005).

    _First_, the district courts should ask whether the "state-
law claim necessarily raises a federal issue, [which is] actually
disputed and substantial." Grable, 545 U.S. at 314; see also
id. at 313 ("It has become a constant refrain in such cases that
federal jurisdiction demands not only a contested federal issue,
but a _substantial_ one, indicating a serious federal interest in
claiming the advantages thought to be inherent in a federal
forum.") (emphasis added) (citations omitted).  _Second_, courts
must examine whether "the federal forum may entertain [the issue]
without disturbing any congressionally approved balance of
federal and state judicial responsibilities." Id. at 314; see
also id. at 313 ("But even when the state action discloses a
contested and substantial federal question, the exercise of
federal jurisdiction is subject to a possible veto. For the
federal issue will ultimately qualify for a federal forum only if

-7-

federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."). Despite this added clarity, the Court made clear that there is no bright-line rule for ascertaining whether a plaintiff's state law claim gives rise to federal question jurisdiction. See id. at 314 ("These considerations have kept us from stating a 'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties.") (citation omitted).

Applying those considerations in _Grable_, the Supreme Court affirmed that removal was proper and the district court properly exercised federal question jurisdiction over Grable's quiet title claim. _First_, the Court reasoned that the success of Grable's suit turned directly on the "meaning of [a] federal statute [that was] actually in dispute." Id. at 315. _Second_, the Court observed that "the meaning of a _federal tax_ provision is an important issue of federal law that sensibly belongs in federal court." Id (emphasis added). _Third_, the Court viewed the availability of a federal forum for both the Government and private litigants as "valuable" because of the opportunity to appear "before judges used to federal tax matters." Id. And _fourth_, the Court believed that because it would be "the rare

-8-

state title case that raises a contested matter of federal law"
exercising federal question jurisdiction in this instance will
"portend only a microscopic effect on the federal-state division
of labor." Id. (citation omitted).

Like *Grable*, this case too warrants federal jurisdiction.
Plaintiff's claim for declaratory judgment necessarily implicates
an actually disputed and substantial federal issue; that is,
whether Chirik may bypass those provisions of the IRC that
require an individual to complete a self-initiated transfer of
rollover funds within 60 days of receipt of the funds without
otherwise obtaining a waiver from the IRS.

A taxpayer may avoid some or all of the income tax on his
distributions from a pension plan by rolling over some or all of
it into another tax-qualified plan or account. See 26 U.S.C. §
402(c)(1).[4] The rollover must take place within 60 days, however.
See id. § 402(c)(3)(A).  But "[t]he Secretary [of IRS] may waive
the 60-day requirement . . . where the failure to waive such
requirement would be against equity or good conscience, including
casualty, disaster, or other event beyond the reasonable control
of the individual subject to such requirement." See id. §
402(c)(3)(B). In order to recieve a waiver, a taxpayer must

---

[4]  The IRC also allows for rollover by a direct transfer from one qualifying
plan or account to another. See 26 U.S.C. §§ 401(a)(31), 402(c)(3), 403(a)(1)
and 408(d)(3).

-9-

comply with the procedures outlined in Revenue Procedure 2003-16. See Rev. Proc. 2003-16, §3.01 ("Except as provided in Section 3.03 . . . a taxpayer *must apply* for a hardship exception to the 60-day rollover requirement using the same procedure as that outlined in Rev. Proc. 2003-4 . . . .") (emphasis added).

Given that the IRC contemplates the possibility of untimely rollovers and provides a means for completing them, Plaintiff's declaratory judgment claim asks this Court to do more than simply convert the alleged ordinary savings account into a tax-qualified IRA. He is implicitly asking the Court (or a Pennsylvania state court) to declare that the IRS's procedures for giving retroactive effect to a rollover are not mandatory. Defendant argues that the IRS's procedures outlined in Revenue Procedure 2003-16 are Chirik's exclusive (or at very least primary) means for obtaining relief. See D. Memo. at 11-13; D. Rep. at 4. And even if the procedure outlined in Revenue Procedure 2003-16 is not the exclusive means for Chirik to obtain relief, the Court would still have to determine whether his situation satisfies the IRC's applicable "hardship provision," 26 U.S.C. § 402(c)(3)(B). See D. Rep. at 4; see also Rev. Proc. 2003-16, §3.02 (outlining factors IRS considers in determining whether to grant a waiver). In sum, there is an actual and substantial dispute over the meaning of federal law because

-10-

Chirik's declaratory claim requires this Court to interpret multiple statutory and regulatory provisions of the IRC and ultimately determine whether they can be summarily dispensed with. See Grable 545 U.S. at 314.

The Court is also satisfied that entertaining this action will not "disturb[] any congressionally approved division of labor between state and federal courts." Id. Grable made plain that interpretation of federal tax statutes "is an important issue of federal law that sensibly belongs in federal court." Id. at 315. This is so because federal judges may have greater familiarity with federal tax matters. See id. And even in disputes involving only private litigants, the Supreme Court recognized that a federal forum is appropriate because the Government has a strong interest to vindicate its own administrative actions. See id. The Court acknowledges that the Government's need to vindicate its own administrative actions is not directly implicated here as it was in Grable because Chirik's claims do not depend upon a showing that the Government acted improperly. Nevertheless, the Government retains an interest in seeing that the administrative system it established for obtaining hardship waivers is respected. To ensure that interest is respected, it is appropriate for federal courts to exercise jurisdiction over declaratory actions brought under state law

-11-

that could be viewed as thinly veiled efforts to bypass the IRS' remedial system.  And as a practical matter, failure to exercise jurisdiction over this matter is an invitation to state courts to issue declarations regarding federal tax law that could substantially upset and interfere with the federal government's ability to uniformly resolve federal tax matters.

Finally, the Court concludes that this case is the rare state contract and tort action, like _Grable_ was the rare state quiet title action, that calls for the exercise of federal jurisdiction because substantial and disputed issues of federal tax law are at issue.  Consequently, exercising jurisdiction over this action will "portend only a microscopic effect on the federal-state division of labor" and not "materially affect, or threaten to affect, the normal currents of litigation". See id. at 315, 319.

### B. Should the Court Dismiss this Action?

Defendant argues that even if all of Plaintiff's factual allegations were true, his claims must be dismissed because Declaratory Judgment Act and the Anti-Injunction Act bars Count I, and Counts II through V are not ripe for adjudication. The Court agrees.

### 1. *Standard of Review*

When deciding a motion for judgment on the pleadings pursuant to Rule 12(c), the Court applies the same standard as that on a motion to dismiss pursuant to Rule 12(b)(6). <u>See</u> <u>Turbe v. Gov't of V.I.</u>, 938 F.2d 427, 428 (3d Cir. 1991).  Thus, the Court must view the facts and draw all inferences from the pleadings in the light most favorable to the non-moving party. <u>See</u> <u>Green v. Fund Asset Mgmt., L.P.</u>, 245 F.3d 214, 220 (3d Cir. 2001).  The Court will not grant judgment "'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" <u>Jablonski v. Pan Am. World Airways, Inc.</u>, 863 F.2d 289, 290 (3d Cir. 1988) (quoting <u>Soc'y Hill Civic Ass'n v. Harris</u>, 632 F.2d 1045, 1054 (3d Cir. 1980)).

### 2. *The Declaratory Judgment Act bars the relief Chirik seeks in Count I.*

"An action for declaratory judgment is procedural in nature and purpose." <u>Munich Welding, Inc. v. Great American Insurance Co.</u>, 415 F. Supp. 2d 571, 573 (E.D. Pa. 2006). And as such, it is well-established that federal law applies to declaratory judgment actions in federal court. <u>See</u> <u>Federal Kemper Ins. Co. v.</u>

-13-

Rauscher, 807 F.2d 345, 352 (3d Cir. 1986); Britamco Underwriters

Inc. v. C.J.H. Inc. d/b/a Wheatsheaf Inn et. al., 845 F. Supp.

1090, 1092 (E.D. Pa. 1994) ("The Declaratory Judgment Act is

procedural in nature and thus federal law determines whether or

not a district court may properly enter a declaratory judgment in

a given case.") (citation omitted).  Thus, even though Plaintiff

brought his claim under Pennsylvania's declaratory judgment

statute, federal standards for declaratory relief apply.

       The Declaratory Judgment Act provides that federal courts

may grant declaratory relief "in a case of actual controversy

within its jurisdiction, *except with respect to Federal taxes* . .

. ." 28 U.S.C. § 2201(a) ("Section 2201") (emphasis added).  The

Supreme Court has explained that the scope of this exception "is

at least as broad as the Anti-Injunction Act [(26 U.S.C. §

7421)]." Bob Jones University v. Simon, 416 U.S. 725, 732 n.7

(1974).  The Anti-Injunction Act, in turn, provides in pertinent

part that "no suit for the purpose of restraining the assessment

or collection of any tax shall be maintained in any court . . . "

26 U.S.C. § 7421.  When considering these provisions in tandem,

courts have interpreted Section 2201 to bar declaratory relief

that not only seeks to directly restrain the assessment or

collection of any federal tax, but any claim for relief which

"call[s] in question a specific provision of the Internal Revenue

-14-

Code, or a ruling or regulation issued under the Code . . . ."
McCarthy v. Marshall, 723 F.2d 1034, 1037 (1st Cir. 1983)
(citations omitted).

Applying these considerations here, it is clear that the
Declaratory Judgment Act bars Chirik's claim for declaratory
relief.  Chirik's request directly calls into question specific
provisions of the IRC. Cf. University of Pittsburgh v. United
States, No. 04-1616, 2005 U.S. Dist. LEXIS 2956, at *7-8 (W.D.
Pa. Feb. 2, 2005) (concluding Section 2201 bars plaintiff's
demand for declaratory relief that certain wages were not subject
to FICA taxation) (Mitchell, Mag. J.).[5]  Chirik's request also
indirectly relates to the assessment or collection of federal
taxes.  He principally is seeking declaratory relief to avoid
future potential tax liabilities.  And the Declaratory Judgment
Act's exception with respect to federal taxes applies even if the
IRS has not yet assessed a tax against the taxpayer. See, e.g.,
International Lotto Fund v. Virigina State Lottery Dept., 20 F.3d
589, 592 (4th Cir. 1994) ("Nothing in the Anti-Injunction Act
conditions its applicability on an antecedent determination of
withholding status by the IRS. Courts have found the

---

[5]   The Third Circuit subsequently reversed the district court and held that
certain "buy outs" were in fact wages and therefore subject to FICA taxes. See
University of Pittsburgh v. United States, 507 F.3d 165 (3d Cir. 2007).  The
Third Circuit did not, however, review whether the magistrate judge correctly
ruled that the the Declaratory Judgment Act barred the university's attempt to
bring a declaratory judgment.

Anti-Injunction Act to apply in numerous cases where the IRS had yet to make a final determination of the plaintiff's tax liability.") (citations omitted).[6]

### 3. Are Plaintiff's Counts II through V Ripe?

A claim based on a speculative injury or the possibility of future liability is not ripe for adjudication. See, e.g., Maio v. Aetna Inc., 221 F.3d 472, 495 (3d Cir. 2000).  The purpose of the ripeness doctrine is to avoid premature adjudication of abstract disagreements. See Taylor v. Upper Darby, 983 F.2d 1285, 1290 (3d Cir. 1993).

In Counts II through V, Plaintiff is seeking damages for alleged breaches of contract and fiduciary duty, rescission, and negligence. Plaintiff essentially wants to recover money damages for the increased taxes, interest, and penalties he *anticipates* incurring because of the improperly opened IRA.  But so far he has yet to incur any additional taxes or financial penalties. Thus, the damages he seeks are, at best, speculative.  Indeed, if Chirik obtains a waiver from the IRS from the 60-day rollover requirement, then he will not incur any additional tax liability. But unless and until Plaintiff actually suffers the damages he

---

[6] Defendant argued in the alternative that this Court did not have jurisdiction over Chirik's declaratory judgment claim because he has not exhausted his administrative remedies.  Because the Court concludes that the Declaratory Judgment Act bars Chirik's claim, it declines to address this argument.

anticipates, his remaining state law claims are not ripe for adjudication.  Accordingly, the Court dismisses without prejudice Counts II through V.

## Conclusion

For the foregoing reasons, the Court: (1) concludes that it has subject matter jurisdiction over this action; (2) dismisses with prejudice Plaintiff's declaratory judgment claim to convert an ordinary savings account to an IRA *nunc pro tunc*; and (3) dismisses without prejudice Counts II, III, IV and V as unripe. An appropriate Order follows.

-17-

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLYVANIA**

JOSEPH CHIRIK                    :    CIVIL ACTION
                                 :
        v.                       :
                                 :    NO. 06-04866
TD BANKNORTH, N.A.               :

**<u>ORDER</u>**

AND NOW, this   15th    day of Januray, 2008, upon consideration of Defendant's Motion for Judgment on the Pleadings (Doc. No. 9) and Plaintiff's Motion for Remand (Doc. No. 13), it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Remand is **DENIED.**

2. Defendant's Motion for Judgment on the Pleadings is **GRANTED** as follows:

   Count I of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**

   Counts II, III, IV and IV are **DISSMISSED WITHOUT PREJUDICE.**

3. The Clerk of Court is to **CLOSE** this Matter.


                                        BY THE COURT:




                                        s/J. Curtis Joyner
                                        J. Curtis Joyner, J.